UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: _____

**THE MUCKY DUCK, INC.**, a
Florida corporation, and **LUCKY
DUCK RE LLC**, a Florida limited
liability company,

      Plaintiffs,

vs.

**CAPTIVA EROSION
PREVENTION DISTRICT BOARD
OF COMMISSIONERS** and
**CAPTIVA EROSION
PREVENTION DISTRICT**, a Florida
political subdivision formed under
Chapter 161, Florida Statutes,

      Defendants.

_____/

## NOTICE OF REMOVAL

COMES NOW, Defendant, CAPTIVA EROSION PREVENTION DISTRICT (the "District"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, and M.D. Local Rule 1.06, hereby provides this Notice of Removal of the above captioned action from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida to the United States District Court for the Middle District of Florida, and states as follows:

## PROCEDURAL REQUIREMENTS

1.      The District and CAPTIVA EROSION PREVENTION DISTRICT BOARD OF COMMISSIONERS (the "Board") (collectively, "Defendants") have been named defendants in a civil action in the Circuit Court in and for Lee County, Florida, styled above, Case Number 25-CA-006744, filed on December 8, 2025. *See Complaint, attached as **Exhibit A**.*

2.      Plaintiffs, THE MUCKY DUCK, INC. and LUCKY DUCK RE LLC (collectively, "Plaintiffs") bring claims for violations of the United States Constitution, including inverse condemnation, procedural due process, substantive due process and equal protection. *See **Ex. A**.*

3.      Service of process was made on the agent of the District on December 23, 2025. *See Summons, attached as **Exhibit B**.*

4.      The state court action is properly removed to the United States District Court for the Middle District of Florida, Fort Myers Division, because that is the "district and division embracing the place where [the state court action] is pending." 28 U.S.C. § 1441(a).

5.      In accordance with Local Rule 1.06(b), a copy of each paper filed in the state court action is attached to this Notice of Removal as ***Composite Exhibit C***. A copy of the state court docket is attached hereto as ***Exhibit D***.

2

6.　　In accordance with 28 U.S.C. § 1441(a) and § 1446(b)(2)(A), the Board joins in and consents to the removal of the action. *See Consent to Removal, attached as Exhibit E*.

7.　　In accordance with 28 U.S.C. § 1446(d), Plaintiffs are being served with a copy of the Notice of Removal. Additionally, a copy of the Notice of Removal is being filed in the Twentieth Judicial Circuit in and for Lee County, Florida, along with a Notice of Service of Notice of Removal.

8.　　All requirements for removal pursuant to 28 U.S.C. § 1446(d) and the applicable rules have been complied with.

## MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

### I. STATEMENT OF CASE AND FACTS

9.　　The instant suit is a civil action which includes a federal question, specifically, that Defendants violated Plaintiffs' federally protected civil rights. The original Complaint seeks an award of damages, declaratory and injunctive relief against Defendants, for alleged violations of Plaintiffs' civil rights under the Takings Clause of the Fifth Amendment of the United States Constitution, as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution. Plaintiffs allege they have sustained damages and seek judgment for those damages, as well as declaratory and injunctive relief against Defendants.

### II. FEDERAL COURT JURISDICTION

#### a. Federal Question Jurisdiction

"'In considering whether it possesses "federal question" jurisdiction over a removed case, a district court is guided by the "well-pleaded complaint rule," which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination.'" *Krasny v. Waser*, 147 F.Supp.2d 1300, 1303 (M.D. Fla. 2001) (citing *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)). Accordingly, "a case may be removed from state court based on federal question jurisdiction only when the plaintiff's statement of his own cause of action shows that it arises under federal law." *Krasny*, 147 F.Supp.2d at 1303 (citing *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.,* 182 F.3d 851, 854 (11th Cir.1999)). Federal question jurisdiction exists where a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Hill v. BellSouth Telecomms.*, Inc., 364 F.3d 1308, 1314 (11th Cir. 2004). Here, Plaintiffs expressly allege violations of the United States Constitution and seek relief under federal civil rights principles, making removal proper under 28 U.S.C. §§ 1331 and 1441.

This Court has original jurisdiction in the above-entitled action pursuant to the provisions of 28 U.S.C. § 1331, as this is a civil action arising under the Constitution of the United States and 28 U.S.C § 1343, which provides:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:…

> (3) To redress deprivation, under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or any Act of

4

Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States;

28 U.S.C § 1343(a)(3).

### b. Removal is Timely

This Notice of Removal is timely pursuant to 28 U.S.C. 1446(b)(1) as it is filed on or before January 22, 2026, within thirty (30) days of receipt by the District of the initial pleading in this case.

### c. Consent of Co-Defendant

In accordance with 28 U.S.C. § 1441(a) and § 1446(b)(2)(A), the Board joins in and consents to the removal of the action. *See **Ex. E***.

### d. Venue is Proper

Venue is proper in the Fort Myers division of this Court pursuant to 28 U.S.C. § 1441(a), because this Court "embrace[s] the place where [this] action is pending," i.e.: the Twentieth Judicial Circuit in and for Lee County, Florida. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the state court action was pending").

### e. Supplemental Jurisdiction Over Pendent State Law Claims

This Court has the discretion to exercise supplemental jurisdiction over the state law claims which have been asserted in part of the underlying action. 28 U.S.C. § 1367 provides "This Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. 1367(a), because those claims arise from the same nucleus of operative facts as the federal constitutional claims." The District would

submit that the state law claims which are asserted in this action arise from the same nucleus of facts and circumstances which form the basis for the federal claims which have been pled. As a result, the District would submit that an exercise of supplemental jurisdiction by this Honorable Court over the state law claims would be appropriate in the instant suit.

WHEREFORE, Defendant, CAPTIVA EROSION PREVENTION DISTRICT, removes this action from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, to this Honorable Court and respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1441.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by e-service to all parties on the attached Counsel List this _____ day of January, 2026.

> **ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC**
> 5237 Summerlin Commons Blvd., Suite 118
> Fort Myers, FL 33907
> Phone: 239-275-2268/Fax: 561-688-2343
> E-Service: service_JWH@rrbpa.com
> Email: jhurcomb@rrbpa.com
> *Counsel for Captiva Erosion Prevention District*
>
>
> _____
> JEFFREY W. HURCOMB
> Florida Bar No: 060344

STYLE:          MUCKY DUCK ET AL v CAPTIVA EROSION PREVENTION DISTRICT ET AL

CASE NO.:

OUR FILE NO.:     25-878

## <u>COUNSEL LIST</u>

CHRISTSPHER DECOSTA, ESQ.
Mahshie & DeCosta, P.A.
1560 Matthew Drive
Suite E
Fort Myers, FL 33907
*Counsel for Plaintiff*
PH: 239-931-7566
FX: 239-931-7560
EMAIL: eservice@md-lawfirm.com;
chris@md-lawfirm.com;
mariela@md-lawfirm.com;
FBN: 271410


JEFFREY W. HURCOMB
Roberts, Reynolds, Bedard & Tuzzio, PLLC
5237 Summerlin Commons Blvd., Suite 118
Fort Myers, FL 33907
*Counsel for Captiva Erosion Prevention District and*
*Captiva Erosion Prevention District Board of Commissioners*
PHONE: 239-275-2268
FAX: 561-688-2343
E-SERVICE: service_JWH@rrbpa.com
EMAIL: jhurcomb@rrbpa.com
jmurphy@rrbpa.com
pcentti@rrbpa.com
jmarchman@rrbpa.com
SCHEDULING: kwallon@rrbpa.com
FBN: 060344

7